IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA



FILED
MAR 29 2005
IN THIS OFFICE
Clerk U. S. District Court
Greensboro, N. C.
By _____

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | ) CIVIL ACTION NO. |
| v. | ) COMPLAINT |
| ROMAN KNIT, INC., | ) JURY TRIAL DEMAND |
| Defendant. | ) **1:05CV00272** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Maria Lopez, who was adversely affected by such practices. As alleged with greater particularity below, the U.S. Equal Employment Opportunity Commission ("the Commission"), contends that Defendant Roman Knit, Inc. ("Defendant") discriminated against Ms. Lopez by subjecting her to a sexually hostile work environment by her immediate supervisor resulting in her discharge.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f) (1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–5(f) (1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of North Carolina.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has been a North Carolina corporation doing business in the State of North Carolina and the City of Norwood, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Maria Lopez filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. From around May 2003 until around May 2004, Defendant engaged in unlawful employment practices at its Norwood, North Carolina facility in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1). Specifically, Defendant subjected Maria Lopez, a female, to sexual harassment and a sexually hostile work environment created by her male supervisor, because of her sex. The harassment included unwelcome sexual comments and sexual advances. Around May 2004, Ms. Lopez was discharged for refusing to submit to her supervisor's sexual advances. Thereafter, around May 2004, Ms. Lopez informed Defendant about the sexual harassment and

discharge, and Defendant offered Ms. Lopez reinstatement working with the same supervisor. Defendant failed to act reasonably to prevent or promptly correct the sexual harassment. Thus, Ms. Parker felt forced to resign her position or, in the alternative, to decline Defendant's offer of reinstatement because of the sexual harassment.

8. The effect of the practices complained of in paragraph 7 above has been to deprive Maria Lopez of equal employment opportunities and otherwise adversely affect her status as an employee, because of her sex, female.

9. The unlawful employment practices complained of in paragraph 7 above were intentional.

10. The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Maria Lopez.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from maintaining a sexually hostile work environment and from any other employment practice that discriminates on the basis of sex.

B. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Maria Lopez by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to the

reinstatement of Ms. Lopez or an award of front pay.

D.    Order Defendant to make whole Maria Lopez, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described herein, including but not limited to medical expenses, in amounts to be determined at trial.

E.    Order Defendant to make whole Maria Lopez by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of herein, including but not limited to emotional pain, suffering, inconvenience, loss of earning capacity, loss of enjoyment of life, humiliation, loss of self-esteem and loss of civil rights, in amounts to be determined at trial.

F.    Order Defendant to pay Maria Lopez punitive damages for its malicious and reckless described herein, in amounts to be determined at trial.

G.    Grant such further relief as the Court deems necessary and proper in the public interest.

H.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

4

Dated this 29th day of March, 2005.

                    Respectfully submitted,

                    ERIC S. DREIBAND
                    General Counsel

                    JAMES L. LEE
                    Deputy General Counsel

                    GWENDOLYN YOUNG REAMS
                    Associate General Counsel

                    EQUAL EMPLOYMENT OPPORTUNITY
                    COMMISSION
                    1801 L Street, N.W.
                    Washington, D.C. 20507

                    _/s/ Lynette A. Barnes_
                    LYNETTE A. BARNES
                    Acting Regional Attorney

                    _/s/ Jessica Dixon_
                    JESSICA DIXON
                    Trial Attorney
                    EQUAL EMPLOYMENT OPPORTUNITY
                    COMMISSION
                    Charlotte District Office
                    129 West Trade Street, Suite 400
                    Charlotte, North Carolina 28202
                    (704) 344-6875