# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No.: 1:05-CV-00272 |
| v. | ) ) | CONSENT DECREE |
| ROMAN KNIT, INC. | ) ) | |
| Defendant. | ) ) | |

      The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's complaint alleged that Defendant Roman Knit, Inc. (the "Defendant"), discriminated against Maria Lopez by subjecting her to a sexually hostile work environment by her immediate supervisor, resulting in her discharge. Roman Knit, Inc. filed an Answer denying the material allegations of the Complaint, including but not limited to the allegation that Maria Lopez was sexually harassed or subjected to unlawful discrimination, and raising numerous affirmative defenses to the claims asserted in the Complaint.

      The Commission and the Defendant hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

      The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation. It is understood and agreed that this settlement is the compromise of a disputed claim, and that the Defendant's agreement to the terms herein are not to be construed as an admission of liability on the part of the Defendant.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; and (3) this Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 15 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1. Defendant shall not discriminate against any person on the basis of sex within the meaning of Title VII.

2. Defendant shall pay Maria Lopez the sum of one thousand, five hundred dollars ($ 1,500.00), in settlement of the claims raised in this action. Defendant shall make payment by issuing a certified or cashier's check payable to Maria Lopez. Defendants shall report such payment on an IRS Form 1099 to be issued to Ms. Lopez at the end of tax year 2006. Payment shall be made within fifteen (15) days after the Court approves this Consent Decree, and Defendant shall mail the check to Maria Lopez at an address provided by the Commission. Within ten (10) days after the check has been sent, Defendant shall mail to Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202, a copy of the check and proof of its delivery to Maria Lopez.

3. Within ten (10) days of the entry of this decree by the Court, Defendant shall eliminate from the employment records of Maria Lopez any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 146-2004-01717 and the related events that occurred thereafter. Within fifteen (15) days of the entry of this decree by the Court, Defendant shall report compliance with this provision to the EEOC.

4. Defendant will supply Maria Lopez with a neutral letter of reference, a copy of which is attached hereto, marked as Appendix A. In addition, if Defendant receives any inquiries regarding the employment of Ms. Lopez, in lieu of an oral response, Defendant shall provide a copy of the aforementioned letter. Within ten (10) days of responding to any inquiry

regarding the employment of Ms. Lopez, Defendant shall report compliance to the Commission, including the name and address of the person or entity to whom the letter was provided.

5. Within ninety (90) days of the entry of this decree by the Court, Defendant shall adopt, implement, and distribute a formal, written anti-discrimination policy, which shall include but not be limited to the following: an explanation of the requirements of the federal equal employment opportunity laws, including Title VII and its prohibition against sexual harassment; procedures for reporting discrimination; and a procedure for the thorough and immediate investigation of employee complaints of discrimination. The policy shall be made available in both English and Spanish. Defendant shall distribute to each current employee a copy of the policy within the aforementioned 90 day time period. Within one hundred (100) days of the entry of this decree, Defendant shall report compliance to the Commission. During the term of this Decree, Defendant shall distribute the policy to all new employees and review it with them at the time of hire.

6. During the term of this Decree, Defendant shall post a copy of the policy described in paragraph 5, *supra*, in both English and Spanish, in all of its facilities in a place where it is visible to employees. If the policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the policy. Within ten (10) days after the Consent Decree is entered, Defendant will post the policy and notify the EEOC that it has been posted.

7. During the term of this Decree, Defendant shall provide an annual training program to all of its managers, supervisors and employees. Each training program shall include an explanation of the requirements of Title VII of the Civil Rights Act of 1964, and its prohibition against sexual harassment. Each training program shall also include an explanation of Defendant's policy referenced in paragraph 5 above, and an explanation of the rights and responsibilities of employees and managers under the policy.

The first training program shall be completed within one hundred (100) days after entry of this Decree by the Court. Each subsequent training program shall be conducted at approximately one-year intervals. At least fifteen (15) days prior to each program, Defendant

shall provide the Commission with an agenda for the training program. Within ten (10) days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

8. Beginning within thirty (30) days after the entry of this Decree by the Court, and continuing throughout the term of this Decree, Defendant shall conspicuously post the attached Employee Notice, marked Appendix B, hereby made a part of this Decree, in a place where it is visible to employees. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within forty-five (45) days after entry of this Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

9. During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Decree. The reports shall include the following information:

A. The identities of all individuals who reported or complained of sexual harassment or unwelcome verbal comments or physical sexual advances. Including by way of identification each person's name, last known telephone number and address, social security number, and job title;

B. For each individual identified in 9.A. above, provide a detailed description of the individual's report/complaint, including the name and title of the individual the report/complaint was about;

C. For each individual identified in 9.A. above, provide a detailed description of what action, if any, Defendant took in response to the report/complaint.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send EEOC a "negative" report indicating no activity.

4

Case 1:05-cv-00272-WLO-RAE    Document 28    Filed 02/13/06    Page 4 of 8

10. During the term of this Decree, the Commission may inspect Defendant's facilities in order to insure compliance with paragraph 6 (posting of sexual harassment policy) and paragraph 8 (posting of Employee Notice).

11. If anytime during the term of this Decree, the Commission believes that Defendant is in violation of the Decree, the Commission shall conduct an initial review wherein it may inspect Defendant's facilities, interview employees, supervisors and managers and examine and copy documents. If after the initial review the Commission continues to believe that Defendant is in violation of the Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have twenty (20) days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of twenty (20) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

12. The term of this Decree shall be for three (3) years from its entry by the Court.

13. All reports or other documents sent to the Commission by Defendant pursuant to this Decree shall be sent to: Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202.

14. Each party shall bear its own costs and attorney's fees. However, Defendant shall pay one hundred fifty ($150) dollars attorney's fees to Maria Lopez for her to retain counsel for the purpose of reviewing Defendant's proposed General Release.

15. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

February 13, 2006  _____
                                        United States District Judge

The parties jointly request that the Court approve and enter the Consent Decree:

    EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION, Plaintiff

    JAMES L. LEE
    Deputy General Counsel

    GWENDOLYN YOUNG REAMS
    Associate General Counsel


      /s/ Lynette A. Barnes
    Lynette A. Barnes
    Regional Attorney
    129 West Trade Street, Suite 400
    Charlotte, N.C. 28202
    Lynette.Barnes@eeoc.gov

      /s/ Jessica L. Dixon
    Jessica L. Dixon
    Trial Attorney
    129 West Trade Street, Suite 400
    Charlotte, N.C. 28202
    Jessica.Dixon@eeoc.gov




    ROMAN KNIT, INC., Defendant

      /s/ G. Bryan Adams, III
    G. Bryan Adams, III
    Van Hoy, Reutlinger, Adams & Dunn
    737 East Boulevard
    Charlotte, NC 28203
    badams-vrad@carolina.rr.com

[Defendant letterhead]

[insert date]

TO WHOM IT MAY CONCERN:

We are pleased to provide the following reference on behalf of our former employee, Maria Lopez.

Ms. Lopez was employed by us from August 1998 until May 2004. During her tenure with us, Ms. Lopez held the positions of Knitter and Inspector. A copy of her job description for each position is attached. Although our reference policy generally limits our comments to the foregoing information, we are willing in Ms. Lopez's situation to provide this reference letter. We valued Ms. Lopez's services to our organization and wish her well in her future endeavors.

We hope that this information about Ms. Lopez is helpful to you in considering her application.


Sincerely,

_____
Ted Mauldin
Plant Manager, Roman Knit, Inc.


APPENDIX A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No.: 1:05-CV-00272 |
| v. | ) ) ) | EMPLOYEE NOTICE |
| ROMAN KNIT, INC. | ) ) | |
| Defendant. | ) ) | |

1. This Notice is posted pursuant to a settlement between the U.S. Equal Employment Opportunity Commission and Roman Knit, Inc., in a case alleging sexual harassment. Specifically, the EEOC alleged that Roman Knit, Inc. discriminated against Maria Lopez by subjecting her to a sexually hostile work environment by her immediate supervisor, resulting in her discharge, in violation of Title VII of the Civil Rights Act of 1964. Roman Knit, Inc. filed an Answer denying the material allegations of the Complaint, including but not limited to the allegation that Maria Lopez was sexually harassed or subjected to unlawful discrimination, and raising numerous affirmative defenses to the claims asserted in the Complaint. As part of the settlement, Roman Knit, Inc. agreed to take all action set out in the Consent Decree resolving this matter. The parties have decided to resolve this lawsuit to avoid the burden, expense and delay of further litigation. The settlement of this case does not constitute an admission of liability by the Defendant.

2. Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older) or disability. Title VII specifically prohibits discrimination based on sex.

3. Roman Knit, Inc. will comply with such federal law in all respects. Furthermore, Roman Knit, Inc. will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or given testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U. S. Equal Employment Opportunity Commission.

An employee has the right to report allegations of employment discrimination in the workplace. An employee may contact their local U. S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

Equal Employment Opportunity Commission
1801 L Street, N.W.
Washington, DC 20507
TEL: 1-800-669-4000
TTY: 1-800-669-6820

This Notice will remain posted for at least three (3) by agreement with the U.S. Equal Employment Opportunity Commission.

DO NOT REMOVE THIS NOTICE UNTIL: _____, 2009.

APPENDIX B